# NO. 12-24-00097-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRYAN DANIEL FRENCH,* *APPELLANT* | *§* | *APPEAL FROM THE 85TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *BRAZOS COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Bryan Daniel French appeals his conviction for tampering with or fabricating physical evidence.[1] Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was indicted for tampering with or fabricating physical evidence.[2] In 2018, the trial court placed Appellant on deferred adjudication community supervision for a period of five years pursuant to a negotiated plea agreement.

---

[1] This case was transferred to this Court from the Tenth Court of Appeals in Waco, Texas, pursuant to a docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2023).

[2] *See* TEX. PENAL CODE ANN. § 37.09(d)(1) (West Supp. 2024). Appellant was indicted for two separate offenses including aggravated assault family violence in count one and tampering with or fabricating physical evidence in count two of the indictment. This appeal concerns only the tampering offense in count two of the indictment.

In 2022, the State filed a motion to adjudicate Appellant's guilt and sentence him to imprisonment due to several alleged violations of the terms of his community supervision. Specifically, the State alleged that Appellant committed another criminal offense while on community supervision, failed to obtain suitable employment, failed to perform community service as directed, consumed alcohol on two occasions, and failed to submit to alcohol and drug testing on seven occasions. Appellant pleaded "not true" to the allegations in the State's motion.

At the ensuing hearing, the trial court also heard evidence on a motion to suppress evidence of another conviction arising from an offense committed by Appellant in Coryell County, Texas, which it denied. The Coryell County conviction arose from an alleged domestic violence incident between Appellant and his girlfriend to which Appellant pleaded "guilty." This offense served as the basis for the first allegation in the State's motion that Appellant committed another crime while on community supervision for the instant case. Immediately after denying Appellant's motion to suppress, the trial court heard evidence concerning the State's motion to adjudicate Appellant's guilt.

The detective in the underlying instant case testified about his investigation into the facts leading to this case, which resulted from the suspicious death of Appellant's former girlfriend. Although the authorities believed she was murdered, Appellant ultimately pleaded "guilty" to the tampering offense. There was evidence that his girlfriend had severe alcohol and mental health issues. Appellant claimed that she attacked him while having a panic attack. Appellant changed his version of the events several times, but ultimately admitted that his hands were around the victim's throat for several minutes. The detective testified that the medical examiner noted that the victim had esophageal varices from prolonged alcohol abuse, but he did not believe that condition contributed to her death. Instead, according to the detective, the medical examiner observed that the victim sustained two lacerations to blood vessels in her abdomen which showed bruising, and that her "voicebox had physical damage."

The detective testified that during the investigation, they learned that Appellant took a photo of the victim shortly before her death. It appeared to the detective that "she may have still barely been alive; but in looking at the picture she looks like a woman who is dying." The photo depicted the victim lying on her hand with her shirt pulled up to her neck. Her shirt was very wet along with the carpet underneath her, and it appeared to the detective that she aspirated. Comparing the photo to how the victim was found the next day after the police were called, the

detective ascertained that someone washed the victim's clothes she wore in the photo and attempted to clean the discolored spot on the carpet where the victim laid at the time the photo was taken.

Next, the police officer that responded to the Coryell County incident testified concerning the domestic assault by Appellant against one of his subsequent girlfriends, and her body camera recording was entered into evidence. The order placing him on community supervision and plea agreement documents for the Coryell County offense were also admitted into evidence.

Appellant's community supervision officer in this case also testified and established Appellant's failure to comply with the terms of his community supervision. Appellant's friend and cousin testified on his behalf in an attempt to mitigate his failure to perform some of his community supervision obligations.

At the conclusion of the hearing, the trial court adjudicated Appellant's guilt, found all the allegations in the State's motion to be "true" except for the failure to obtain suitable employment ground, found him guilty of the third-degree felony offense of tampering with or fabricating physical evidence, revoked his community supervision, and sentenced him to ten years of imprisonment with no fine. This appeal followed.

<u>ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*</u>

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. Appellant's counsel relates that she reviewed the record and found no reversible points of error to argue on appeal. In compliance with ***High v. State***, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3]

We conducted an independent review of the record in this case and found no reversible error. *See **id.*** We conclude that the appeal is wholly frivolous. *See **id.***

---

[3] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of her motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired, and no pro se brief was filed.

CONCLUSION

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we grant counsel's motion for leave to withdraw and affirm the trial court's judgment.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* Tex. R. App. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* Tex. R. App. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered October 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2024**

**NO. 12-24-00097-CR**

**BRYAN DANIEL FRENCH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

___

Appeal from the 85th District Court

of Brazos County, Texas (Tr.Ct.No. 13-03730-CRF-85)

___

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*